NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1114

JAMES P. LOGAN, JR.,

Plaintiff-Appellant,

and

LOGAN FARMS, INC.,

Plaintiff,

v.

HORMEL FOODS, INC.,

Defendant-Appellee,

and

WAL-MART, INC.,

Defendant-Appellee.


Robert M. Bowick, Matthews, Lawson, Bowick and Al-Azem, PLLC, of Houston, Texas, argued for plaintiff-appellant.  With him on the brief was Guy E. Matthews.

J. David Mayberry, Kilpatrick Stockton LLP, of Washington, DC, argued for defendant-appellee Hormel Foods, Inc.  With him on the brief was Eric L. Sophir.  Joining in the brief was Lee L. Kaplan, Smyser, Kaplan & Veselka, L.L.P., of Houston, Texas,  for defendant-appellee Wal-Mart, Inc.

Appealed from:  United States District Court for the Southern District of Texas

Judge Simeon Timothy Lake III

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1114

JAMES P. LOGAN, JR.,

Plaintiff-Appellant,

and

LOGAN FARMS, INC.,

Plaintiff,

v.

HORMEL FOODS, INC.,

Defendant-Appellee,

and

WAL-MART, INC.,

Defendant-Appellee.

_____

DECIDED:  January 25, 2007

_____

Before LOURIE, LINN, and MOORE, <u>Circuit Judges</u>.

MOORE, <u>Circuit Judge</u>.

James P. Logan, Jr. ("Logan") appeals the final judgment of the United States District Court for the Southern District of Texas granting summary judgment in favor of defendants Hormel Foods, Incorporated and Wal-Mart, Incorporated (collectively "Hormel").  <u>Logan v. Hormel Foods, Inc.</u>, No. 4:05-CV-00055, 2005 WL 2171893 (S.D. Tex. Sept. 2, 2005).  While the district court erred in its claim construction, we conclude

the error was harmless and that summary judgment of non-infringement of United States Patent No. Re 35,374 ("the '374 patent") was proper even under the correct claim construction. Therefore, we affirm.

I.    BACKGROUND

Logan filed suit against Hormel alleging that Hormel's CURE 81® boneless, spiral-sliced hams infringe claim 1 of the '374 patent. The '374 patent describes a spirally-sliced meat product and the apparatus and method for spirally slicing the meat. Claim 1, the only independent claim at issue on this appeal, recites as follows:

> A boneless sliced meat having its meat arranged in the form of a continuous spiral cut about an axis of the meat, the axis being created by temporary insertion of a support member in the meat, wherein the depth of said cut is limited to leave an uncut core of meat, said core being of sufficient cross-section to cause the boneless sliced meat to retain its shape when the support member is removed.

'374 patent, col.10, ll.4-10 (emphasis added).

The district court construed the term "support member" to mean "a spit (or pointed rod) that traverses the length of the spiral cut and helps the boneless meat maintain its shape or integrity during slicing operations." Logan, 2005 WL 2171893 at *6. The district court granted summary judgment on the issue of literal infringement because Hormel's CURE 81® hams were made by impaling them on a prong which was either 1" or 2 3/8" in length,[1] and therefore did not traverse the length of the spiral cut. Id. at *7-8. Furthermore, the district court determined that summary judgment of non-infringement under the doctrine of equivalents was appropriate because Hormel's prong did not perform the function of helping the boneless meat maintain its shape or integrity during slicing operations. Id. at *8. The district court found that Logan offered no

---

[1]    Hormel changed the length of its spit after Logan instituted the present litigation.

evidence to contradict an experiment conducted by Hormel showing that the prong did not support the boneless meat during slicing operations.  Id.

On appeal, Logan challenges the district court's claim construction and grant of summary judgment of non-infringement.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II.    DISCUSSION

### A.    Claim Construction

We agree with the portion of the district court's claim construction that requires that the support member "help[] the boneless meat maintain its shape or integrity during slicing operations," however, the intrinsic record does not require the "support member" to "traverse the length of the spiral cut," so long as it is performing the function of helping "the boneless meat maintain its shape or integrity during slicing operations."

Logan argues that the "support member" should only be required to hold the meat.  Logan cites numerous dictionary definitions in an attempt to bolster his argument.  However, these dictionary definitions are inconsistent with the intrinsic record and therefore, are not probative.  See Phillips v. AWH Corp., 415 F.3d 1303, 1322-23 (Fed. Cir. 2005) (en banc) (stating that courts may rely "on dictionary definitions when construing claim terms, so long as the dictionary definition does not contradict any definition found in or ascertained by a reading of the patent documents.").  The '374 patent uses the term "hold" in reference to the chuck assembly, which includes a number of short spikes to help hold the meat.  See, e.g., '374 patent, col.3, ll.53-57 ("The apparatus includes an electrically driven, rotating meat chuck assembly for holding the meat . . . during cutting operations"); id., col.4, ll.1-2 ("The chuck assembly

is designed to hold and rotate the meat during cutting operations."). The specification indicates that the support member does more than "hold" the boneless meat—it provides support for the meat. See id., col.5, ll.61-64 ("The meat spit 400 is used in the slicing of boneless meats to provide support by inserting the stem member 404 into the meat during slicing operations.").

The prosecution history also supports this construction. During prosecution, Logan informed the Patent and Trademark Office that the support member "provides the boneless meat product with sufficient structural stability during the slicing operation" and that the spit "maintain[ed] meat integrity during the slicing operation." Moreover, during prosecution, Logan submitted videotaped experiments to establish that a particular reference was not enabled. These experiments are part of the intrinsic record, are properly considered in construing the claims, and further support this construction. Thus, we conclude that the support member "helps the boneless meat maintain its shape or integrity during slicing operations."

We do not agree, however, that the support member must "traverse the length of the spiral cut" as the district court required. Logan argues that Hormel's 1" and 2 3/8" prongs are "in the meat." Hormel argues that the support member must extend into the meat so as to traverse the length of the spiral cut. We conclude that the claim language "in the meat" does not require that the support member extend through the entire meat product nor does it require the support member traverse the entire spiral cut portion. Nothing in the specification or prosecution history requires this narrow construction.

Claim 1 requires only that the support member be "in the meat." '374 patent, col.10, ll.6-7. Other claims require that the "support member [be] inserted through the

annular core [of meat] prior to slicing . . . ." Id., at col.10, ll.13-14 (claim 2) (emphasis added); see also id., at col.10, ll.27-28 (claim 4), col.11, ll.7-8 (claim 10).  Hence, while claims 2, 4, and 10 require the support member be inserted through the meat, claim 1 in contrast only requires that the support member be in the meat.  Because the patentee used different terminology in different claims, there is a presumption that there is a difference in the scope of the claims.  See Forest Labs., Inc. v. Abbott Labs., 239 F.3d 1292, 1310 (Fed. Cir. 2001) (citing Tandon Corp. v. United States Int'l Trade Comm'n, 831 F.2d 1017, 1023 (Fed. Cir. 1987)).  We conclude that "in the meat" must be read in conjunction with "support member" and that therefore the claim requires that the support member be in the meat far enough to "support" the meat during slicing (i.e., to maintain its shape or integrity during slicing).

While the specification discloses only a single embodiment, the intrinsic record does not limit the scope of the term "support member" to the only disclosed embodiment.  See Phillips, 415 F.3d at 1323 ("[W]e have expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment.").  Thus, it is improper to read the sole embodiment from the specification into claim 1 and require that the support member extend through the meat.  We also do not believe that the support member must extend the length of the spiral cut because while the claim requires the support member to define an "axis" of the meat, there is no reason why a support member that does not traverse the length of the spiral cut cannot define such an axis.

We conclude that the support member must extend into the meat to a sufficient length to support the meat during cutting (to help the meat maintain its shape or integrity

during slicing), but not necessarily extend through the meat or traverse the entire length of the spiral cut.

B.    Infringement

While the district court erred in construing the term "support member in the meat," that error was harmless. Logan fails to point to any evidence that Hormel's 1" or 2 3/8" prong used to make its CURE 81® boneless hams "help[] the boneless meat maintain its shape or integrity during slicing," as required by claim 1. Moreover, as the district court noted, Logan provided no evidence to contradict Hormel's evidence that its prongs do not perform this function. We find the remainder of Logan's arguments regarding infringement to be without merit. Therefore, we affirm the district court's judgment that the Hormel CURE 81® hams do not infringe claim 1 of the '374 patent either literally or under the doctrine of equivalents.

No costs.